FILED
Case 1:08-cv-00991     Document 1     Filed 02/18/2008     Page 1 of 8
JUDGE GETTLEMAN
MAGISTRATE JUDGE KEYS

FEBRUARY 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**08 C 991**

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | **J. N.**  Case No.: |
| v. | ) ) | |
| E B EXCAVATION AND DEVELOPMENT, INC., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

### COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the

Funds, by their attorneys Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy

Carollo, and Charles Ingrassia, for their Complaint against Defendant E B Ecavation and

Development, Inc., state:

### COUNT I

### (Failure To Pay Benefit Contributions)

1.     Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as

amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.      Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant E B Excavation and Development, Inc., (hereinafter "E B Excavation" or the "Company") is an Illinois corporation.  The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.      The Union is a labor organization within the meaning of 29 U.S.C. §185(a).  The Union and the Company are parties to a collective bargaining agreements which became effective

2

November 7, 2007. ("Agreement"). (A copy of the "short form" Agreement entered into between

the Union and the Company which Agreement adopts and incorporates a Master Agreement

between the Union and various employer associations, and also binds the Company to the Funds'

respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

   7.  The Funds have been duly authorized by the Construction and General Laborers'

District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest

Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety

Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust

("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the

CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the

CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor

Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund

("CARCO"), and the Illinois Small Pavers Association ("ISPA") to act as an agent in the

collection of contributions due to those funds.

   8.  The Agreement and the Funds' respective Agreements and Declarations of Trust

obligate the Company to make contributions on behalf of its employees covered by the

Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund

and to submit monthly remittance reports in which the Company, *inter alia*, identifies the

employees covered under the Agreement and the amount of contributions to be remitted to the

Funds on behalf of each covered employee.

9.    The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.    The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11.    Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)    failed to report and pay contributions owed to Plaintiff Laborers' Pension Fund from November 2007, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)    failed to report and pay all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity from November 2007, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)    failed to report and pay all contributions owed to Laborers' Training Fund from November 2007, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

(d)    failed to obtain and maintain a surety bond.

4

12.     The Company's actions in failing to submit timely reports and contributions and failing to obtain and maintain a surety bond violate Section 515 of ERISA, 29 U.S.C. §1145.

13.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for the unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant E B Excavation and Development, Inc.:

a.     directing the Company to submit reports and contributions for the period of November 2007 forward and to submit the Company's books and records to an audit upon demand by Plaintiffs for the period of November 7, 2007 forward and retaining jurisdiction to enforce judgment in sum certain upon the results of the audit;

b.     entering judgment in sum certain in Plaintiffs' favor and against the Company on the amounts shown due and owing including contributions, interest, liquidated damages, accumulated interest and liquidated damages on late reports, audit costs, and Plaintiffs' attorneys' fees and costs; and

c.     awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit Union Dues)

14.     Plaintiffs reallege paragraphs 1 through 10 of Count I.

15.     Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

16.     Notwithstanding the obligations imposed by the Agreement, the Company has failed submit dues reports and pay dues that were withheld or should have been withheld from the paychecks of covered employees for the period of November 2007, thereby depriving the Union of income and information.

17.     Pursuant to the Agreement, the Company is liable to the Funds for the unpaid union dues, as well as audit costs, reasonable attorneys' fees and costs as the Union's collection agent and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant E B Excavation and Development, Inc., ordering the Defendant to submit and pay its November 2007 dues report, submit the Company's books and records to an audit upon demand for the period of November 7, 2007 forward, entering judgment in favor of the Funds and against the Defendants for the amount of the union dues owed to date together with all liquidated damages, accumulated liquidated damages on late reports, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

February 18, 2008                                              Laborers' Pension Fund, et al.


                                                        By:  /s/ Patrick T. Wallace
                                                              Patrick T. Wallace

6

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd.
Suite 1415
Chicago, IL  60604
(312) 692-1540



# CONSTRUCTION & GENERAL LABORERS
## DISTRICT COUNCIL OF CHICAGO AND VICINITY
### AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

### INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **E.B. Excavation + Development** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** The Employer recognizes the Union as the sole and exclusive collective bargaining representative for the employees now and hereinafter employed in the Laborer bargaining unit with respect to wages, hours and other terms and conditions of employment...

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreement(s)...

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $2.80 per hour effective June 1, 2006; $3.00 per hour effective June 1, 2007; $3.00 per hour effective June 1, 2008 and $3.10 per hour effective June 1, 2009...

4. **Dues Checkoff.** The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in the amount of 1.75% of gross wages or such other amount as directed by the Union...

5. **Work Jurisdiction.** This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction...

6. **Subcontracting.** The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to be done...

7. **Fringe Benefits.** The Employer agrees to pay the amounts that are bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity...

8. **Contract Enforcement.** All grievances arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee...

9. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise...

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2006 (unless dated differently below) through May 31, 2010, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date...

11. **Execution.** The signatory below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept the facsimile signatures on this Agreement as if they were the original signatures.

Dated: **11/7/07** , 20___

ACCEPTED:

Laborers' Local Union No. **152**    FEIN No. **26-1253739**

By: _J. Michael_____    **E.B. Excavation + Development** (Employer)

CONSTRUCTION AND GENERAL LABORERS    **Adam Fiala / Owner** (Print Name and Title)
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _____    James P. Connolly, Business Manager    (Signature)

By: _____    Frank Riley, President & Secretary-Treasurer    **PO 4346** (Address)

FIELD DEPT.    **Aurora, IL 60598** (City, State and Zip Code)

**630-820-1668 / 630-820-9007** (Telephone/Telefax)

RECEIVED
DEC 03 2007

EXHIBIT A

Effective June 1, 2006    WHITE - LOCAL UNION • CANARY - TRUST FUND • PINK - DISTRICT COUNCIL • GOLD - EMPLOYER